IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
FEB 22 2013

PER _____
DEPUTY CLERK

JAYSON FULCHER,
    Plaintiff

v.

UNITED STATES OF AMERICA,
    Defendant

CIVIL NO. 3:13-CV-10

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

On January 3, 2013, Plaintiff, Jayson Fulcher, an inmate currently confined at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, et seq. (Doc. 1). He also filed a motion for leave to proceed in forma pauperis and a motion for mediation. (Docs. 2-3). On January 4, 2013, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that Plaintiff's complaint "contains a one paragraph legal recital regarding the Federal Torts Claims Act, but is completely devoid of any factual averments." (Doc. 4). The Magistrate Judge recommends that the motion for leave to proceed in forma pauperis be granted, but that the complaint be dismissed without prejudice to Plaintiff's leave to file an amended complaint. (Id.). On January 14, 2013, in lieu of filing objections, Plaintiff filed an amended complaint[1] alleging that he was served contaminated chicken fajitas at USP-Canaan, causing him to contract Salmonella food poisoning. (Doc. 6). For the reasons set forth below, the R&R will be adopted and the matter will be remanded to Magistrate Judge Carlson for further proceedings.

---

[1] This Court is offering no opinion as to the sufficiency of the amended complaint.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In the absence of objections, this Court will review the R&R for plain error.

**Discussion**

In the R&R, Magistrate Judge Carlson explains that the "Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs given leave to proceed in forma pauperis in cases which seek redress against government officials." (Doc. 4, p. 2). Pursuant to 28 U.S.C. § 1915A, a court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. (Id.); see also 28 U.S.C. § 1915(e). The Magistrate Judge determines

that the statute's text mirrors the language in Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id. at p. 3). The R&R then outlines the applicable pleading standards. (Id. at pp. 3-7), citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Importantly, "a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation." (Id.) (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009)). The Magistrate Judge concludes that "it is incumbent upon a plaintiff to legibly describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims." (Doc. 4, p. 7) (citing Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)). Magistrate Judge Carlson states that the court must accept as true all allegations in the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. (Id. at p. 4) (citing Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994)).

Magistrate Judge Carlson finds that the instant complaint "fails to recite any facts" and therefore violates the pleading rules. (Doc. 4, p. 10). The Magistrate Judge reasons that without further clarity by Plaintiff, Defendant cannot reasonably be expected to respond. (Id.) (citing Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011)). Magistrate Judge Carlson recommends that the complaint be dismissed, but that Plaintiff be given an opportunity

to file an amended complaint. (Id.).

After review, and in the absence of objections, this Court finds no error in the R&R and it will be adopted. As Plaintiff has already filed an amended complaint, there is no reason to allot additional time for an amendment. This action will be remanded to Magistrate Judge Carlson for further proceedings.

A separate Order will be issued.

Date: February 22, 2013

**United States District Judge**